IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50439
Summary Calendar
_____

J.C. CARTER,

                                        Plaintiff-Appellant,

versus

MARGO FRASIER, Sheriff;
TEXAS COMMISSION OF JAIL
STANDARDS; TRAVIS COUNTY
COMMISSIONER'S COURT; TRAVIS
COUNTY HEALTH & HUMAN SERVICES,

                                        Defendants-Appellees.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-00-CV-402-SS
---------------------
August 30, 2001

Before JOLLY, HIGGINBOTHAM, and WIENER, Circuit Judges.

PER CURIAM:[*]

     J. C. Carter ("Carter"), Texas prisoner # 56736, has filed a
motion for leave to proceed in forma pauperis ("IFP") on appeal
following the district court's decision granting the defendants'
motion for summary judgment and dismissing his 42 U.S.C. § 1983
complaint.  By moving for IFP status, Carter is challenging the
district court's certification that IFP status should not be

_____

     [*]  Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

granted on appeal because his appeal is not taken in good faith. See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

Carter failed to produce evidence showing that the defendants had deprived him of the products necessary to meet his basic hygienic needs. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996)(en banc). Thus, he has failed to show that his appeal of the district court's dismissal of his complaint is taken in good faith. Accordingly, Carter's request for IFP status is DENIED, and his appeal is DISMISSED as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

Carter was previously warned that he had accumulated two strikes for purposes of 28 U.S.C. § 1915(g) and that if he accumulated three strikes, he would not be allowed to proceed IFP in any civil action or appeal while he was incarcerated or detained unless he was under imminent danger of serious physical injury. See Carter v. Fraiser, No. 00-51313 (5th Cir. June 13, 2001). The dismissal of this appeal as frivolous constitutes a third strike under 28 U.S.C. § 1915(g). Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Carter is BARRED from proceeding IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

IFP MOTION DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. 1915(g) BAR IMPOSED.